**Kenneth G. LAWRENCE, Plaintiff,**

v.

**The CONNECTICUT FIRE INSURANCE COMPANY, an insurance corporation, Defendant.**

**Kenneth G. LAWRENCE, Plaintiff,**

v.

**AMERICAN INSURANCE COMPANY, an insurance corporation.**

**Civ. Nos. 4786, 4787.**

United States District Court
E. D. South Carolina,
Florence Division.
June 4, 1956.

Rogers W. Kirven, Wilbur H. Lawrence, P. H. McEachin, Florence, S. C., for plaintiff.

Joseph L. Nettles, Columbia, S. C., for defendant.

WILLIAMS, District Judge.

On March 28, 1955 the defendant served the following Notice on the attorneys for the plaintiff:

"You Will Please Take Notice That the defendant, American Insurance Company, moves to strike the hereinafter stated allegations of the Complaint on the grounds of irrelevancy, immateriality and redundancy.

"Paragraphs 4, 5 and 6 of the complaint."

Paragraphs 4, 5 and 6 of the complaint are as follows:

"4. That thereafter the Plaintiff contacted the agent of the Defendant, one Frederick D. Brown, giving full details of the loss to his beach house. That Frederick D. Brown thereafter mailed notice of loss to the Defendant and set in motion machinery whereby the adjusting of the loss was assigned to James C. Green Company. That the Defendant thereafter, through its agents or servants, fraudulently breached the conditions of the contract of the insurance then in effect and handled the claim in a negligent, reckless and incompetent manner, all of which has damaged Plaintiff greatly as will be more fully set out hereafter.

"5. That the Defendant, even though having received notice of claim, after several conferences with its agents on several occasions, have fraudulently, recklessly, wilfully and negligently refused to complete this claim in payment of this loss in the face of the facts that its agents at one time had reached an agreement with the Plaintiff to conclude the claim.

"6. That the Defendant was reckless, fraudulent and negligent through its agents or servants and itself in the following particulars to wit:" * * *

There is only one question properly raised by the pleadings: Is the defendant liable to the plaintiff on account of the alleged destruction of the plaintiff's dwelling house? If the defendant is liable by reason of the alleged destruction of plaintiff's dwelling house, its liability will be measured by the terms of its policy. If it is not liable under the terms of the policy, plaintiff has no action against defendant.

It clearly appears from the allegations of the complaint that the only question involved in this case is the failure of the Insurance Company to pay the plaintiff the amount due on the insurance policy. The only question to be determined is: Has there been a breach of the insurance contract? The plaintiff must stand or fall on this question.

The Federal Rules of Civil Procedure, 28 U.S.C.A., provide that a complaint should contain "a short and plain state-

**692**

ment of the claim showing that the pleader is entitled to relief." Rule 8(a).

The allegations which the defendant moves to strike contain matters which may be summarized as the failure of the defendant to adjust the claim promptly.

The allegations of the complaint which refer to negligence or recklessness in the adjustment of the claim do not state any cause of action and, in fact, do not state any violation of a duty the defendant owed to the plaintiff.

The relationship of the parties to this action is that of insured and insurer and the obligations are measured by the terms of the policy itself. There is nothing in the policy which specifies the method by which the insurer should adjust the claim of the insured. The company is at liberty under the contract to do nothing toward an adjustment. The policy provides that the insured shall file a proof of loss and that he can sue on the policy sixty days after he has filed the proof of loss. It may be inadvisable for an insurer not to investigate a proof of loss promptly, but the failure to investigate a given loss violates no duty which is owed to the insured. The insured has the right to sue under the policy sixty days after he has filed a proper proof of loss. This is his only right under the policy.

There is no allegation in the complaint that the defendant ever contended that the policy was in anywise avoided or forfeited. The sole claim is that the company has not paid the face amount of the policy, which clearly means that the real controversy of the parties is over the cause of the loss or over the amount of loss sustained.

The allegations of the paragraphs 4, 5 and 6 of the complaint do not state matters which can be made the basis of any claim. They have nothing to do with the right of the plaintiff to recover upon the insurance policy. They have no place in the complaint. The allegations 4, 5 and 6 should be stricken.

And it is so ordered.